Receipt Number

550613

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JULETTE L. BENTLEY,**
**Plaintiff**

VS

Case: 2:06-cv-15090
Assigned To: Tarnow, Arthur J
Referral Judge: Scheer, Donald A
Filed: 11-14-2006 At 12:39 PM
CMP BENTLEY V. DAIMLERCHRYSLER CORP
(TAM)

**DAIMLERCHRYSLER CORPORATION**
**ACE ESIS**
**Defendants**
_____/

**DAVID B. GRANT (P14269)**
Attorney for Plaintiff
26555 Evergreen Suite 860
Southfield, MI 48076
(248) 353-2860

## COMPLAINT OF JULETTE L. BENTLEY

PLAINTIFF JULETTE L. BENTLEY, by her Attorneys GRANT, BUSCH & KIRSCHNER, by David B. Grant, files this Complaint and states:

1. Plaintiff JULETTE L. BENTLEY is a resident of the City of Detroit, State of Michigan.

2. DaimlerChrysler Corporation is qualified to do business in the State of Michigan with offices in Auburn Hills, Michigan and employed JULETTE L. BENTLEY at the Dodge Truck Plant.

3. ACE ESIS, provides risk management services to DaimlerChrysler and administers the DaimlerChrysler Sickness and Accident Program, with offices in Southfield, Michigan.

4. This Court has jurisdiction over this Complaint pursuant to 29 U.S.C. § 1132 and 28 U.S.C. § 1331.

5. The Plan (DaimlerChrysler Sickness and Accident Program) is an employee benefit plan as defined by 29 U.S.C. §§1002 and 1003.

### GENERAL ALLEGATIONS

JULETTE L. BENTLEY, an employee of DaimlerChrysler was provided, as part of her employee benefits, a Short and Long Term disability contract administered by ACE ESIS for DaimlerChrysler.

6. The Disability Policy became effective prior to May 14, 2005.

7.      This Policy was in existence and in full force and effect on May 14, 2005., and all applicable dates subsequent.

8.      The Policy provided for Disability benefits:

a. for inability to perform all the material and substantial duties of her own occupation with reasonable continuity, or other occupation for which she is or becomes reasonably fitted by training, education, experience, age and physical and mental capacity.

9.      As a result of a physical and emotional disability, JULETTE L. BENTLEY has been and continues to be unable to perform all the material and substantial duties of her own occupation with reasonable continuity,

10.     On or about **May 18, 2005**, JULETTE L. BENTLEY was determined to be able to perform all the material and substantial duties of her own occupation with reasonable continuity, according to the terms of the Plan. JULETTE L. BENTLEY was not eligible to receive and did not receive monthly benefits under the Plan.

11.     JULETTE L. BENTLEY has provided ACE ESIS **/DAIMLERCHRYSLER CORPORATION** with proof of such ongoing disability, and has complied with the terms of ACE ESIS's policy.

12.     On **November 21, 2005**, JULETTE L. BENTLEY was advised by the Plan Administrator that she was able to perform all of the material and substantial duties of her occupation on an Active Employment basis according to the terms of the Plan as of May 18, 2005 The proffered reason conflicted with the written reports of JULETTE L. BENTLEY's treating physicians.

13.     JULETTE L. BENTLEY requested information regarding an administrative appeal and requested all documentation used to make the decision of November 21, 2005. JULETTE L. BENTLEY was informed that it was the policy of the Defendants DaimlerChrysler and ESIS **not to release sick and accident medical information** without the receipt of a subpoena as it is considered work product and the property of DaimlerChrysler /ESIS.

14      JULETTE L. BENTLEY submitted an administrative appeal and included additional medical reports from treating physicians that failed to reverse the decision denying benefits, but was substantially prejudiced because of her inability to determine the basis for the denial of benefits and to respond accordingly.

15.     JULETTE L. BENTLEY has exhausted all administrative remedies available to her under the terms of the Plan.

16.     JULETTE L. BENTLEY is and continues to be unable to perform all of the material and

substantial duties of her occupation on an Active Employment basis because of an Injury or Sickness according to the terms of the Plan.

### COUNT I BENEFITS DUE UNDER 29 U.S.C. §1132 (a)(1)(B)

17. Pursuant to the terms of the DaimlerChrysler Sickness and Accident Program, JULETTE L. BENTLEY was and is entitled to receive monthly disability benefit. The policy does not grant discretion to ACE ESIS to override the opinions of JULETTE L. BENTLEY's treating physicians. It only requires that JULETTE L. BENTLEY submit to ACE ESIS /**DAIMLERCHRYSLER CORPORATION** proof that a Covered Person is Disabled due to Injury or Sickness and the regular attendance of a Physician.

18. In accordance with the procedures set forth in the Summary Plan Description of the Plan, JULETTE L. BENTLEY has made written demands upon ACE ESIS /**DAIMLERCHRYSLER CORPORATION**, for payment of his full benefits under the Plan.

19. ACE ESIS /**DAIMLERCHRYSLER CORPORATION** has refused JULETTE L. BENTLEY's request for payment of benefits due under the Plan and JULETTE L. BENTLEY has exhausted all of her administrative remedies under the Plan.

### COUNT II BREACH OF FIDUCIARY DUTY
### UNDER 29 U.S.C. §1104(a)(1)(D) and §1132(a)(2)

20. By reason of its general administration of the Plan and its exercise of discretion over the assets of the Plan, ACE ESIS /**DAIMLERCHRYSLER CORPORATION** owes fiduciary duties to the participants and beneficiaries under the DaimlerChrysler Sickness and Accident Program.

21. ACE ESIS /**DAIMLERCHRYSLER CORPORATION** has breached its fiduciary duties to JULETTE L. BENTLEY by failing to administer the DaimlerChrysler Sickness and Accident Program in accordance with the written documentation governing the DaimlerChrysler Sickness and Accident Program.

### COUNT III BREACH OF FIDUCIARY DUTY
### UNDER 29 U.S.C. §1104(a)(1)(A) and §i132(a)(2)

22. By reason of its general administration of the Plan and its exercise of discretion over the assets of the Plan, ACE ESIS and DAIMLERCHRYSLER CORPORATION owe fiduciary duties to the participants and beneficiaries under the Plan.

23. ACE ESIS and DAIMLERCHRYSLER CORPORATION have breached its fiduciary duties to JULETTE L. BENTLEY by failing to administer the Plan for the exclusive purpose of providing benefits for the participants and their beneficiaries and has thus operated under a

Conflict of Interest requiring a de novo review of and DAIMLERCHRYSLER CORPORATION Disability benefits denial to JULETTE L. BENTLEY.

## COUNT IV CLAIM TO ENJOIN ACTION UNDER 29 U.S.C. §1132 (a)(3)

24. ACE ESIS and DAIMLERCHRYSLER CORPORATION have breached its fiduciary duties to JULETTE L. BENTLEY by failing to administer the Plan in accordance with the written documentation governing the DaimlerChrysler Sickness and Accident Program

25. JULETTE L. BENTLEY has made written demands upon ACE ESIS and DAIMLERCHRYSLER CORPORATION that her benefits be paid in full or she be given an understandable reason why they have not, and instructions on how she can perfect her claim, in accordance with Plan documents and ERISA 29 U.S.C. § 1132 (a)(3)

26. ACE ESIS and DAIMLERCHRYSLER CORPORATION have consistently failed to comply with the requirement that JULETTE L. BENTLEY be given a description of any additional material or information necessary to complete the claim and an explanation of why that material or information is necessary.

27. ACE ESIS and DAIMLERCHRYSLER CORPORATION have failed to pay benefits or comply with Federal Law and Plan documents.

28. ACE ESIS and DAIMLERCHRYSLER CORPORATION failed to conduct a 'full and fair' review of JULETTE L. BENTLEY's claim on appeal.

29. ACE ESIS and DAIMLERCHRYSLER CORPORATION initial investigation was biased and slanted toward finding a pretense to deny JULETTE L. BENTLEY's claim, while failing to investigate or interview any material or persons that would support JULETTE L. BENTLEY's claims and failing to refute the treating medical opinions by examining independent physicians.

30. As a proximate result of these contractual breaches, JULETTE L. BENTLEY has been denied benefits under the DaimlerChrysler Plan.

31. JULETTE L. BENTLEY is entitled to a retroactive award of benefits including prejudgment interest, and an award of future benefits.

32. To prevent further unjustified action by ACE ESIS and DAIMLERCHRYSLER CORPORATION, JULETTE L. BENTLEY is entitled to an injunction preventing the termination of benefits without court order.

33. ACE ESIS and DAIMLERCHRYSLER CORPORATION have acted wilfully, purposely, and malicious and/or in disregard of the insured's rights in the following regard:
   a) failing to adopt and implement reasonable standards for proper investigation of claims arising under an insurance contract.
   b) knowing of JULETTE L. BENTLEY'S claim and failing to take affirmative steps to fairly and promptly service the claim arising under an insurance contract.
   c). concealing the existence of facts and developments from the insured so as to benefit the insurer in this regard of the insured's rights.
   d}. failing to keep the insured and her representative fully informed of all developments affecting her rights in her claim.
   e}. failing to negotiate in good faith or to initiate settlement discussions so as to effectuate a prompt, fair and equitable resolution all of JULETTE L. BENTLEY's claim under a valid policy without litigation.
   f). other conduct to be determined through discovery appropriate in this type of action.

34. That the aforementioned willful, purposeful and/or malicious acts were intended to cause injury to JULETTE L. BENTLEY or were in a conscious disregard of JULETTE L. BENTLEY's rights.

35. ACE ESIS and DAIMLERCHRYSLER CORPORATION conduct was egregious, arbitrary, indifferent and in intentional disregard of the interests of the insured and under the law and in bad faith.

## VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT
## MCL 445.903(1); MSA 19.418(3)(1),

36. ACE ESIS employs, uses and contracts with salespersons, agents or representatives to sell disability policies in the State of Michigan.

37. ACE ESIS did engage in unfair, unconscionable, or deceptive methods, acts or practices in the conduct of their transactions with JULETTE L. BENTLEY that are prohibited pursuant to MCL 445.903(3)
   a} Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.
   b}Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.
   c) Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is
   d}Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

5

**WHEREFORE, JULETTE L. BENTLEY**, requests that this Honorable Court enter a Judgment against the Defendants:

(1) enjoining or ordering injunction against the Defendant from refusing, terminating, suspending or otherwise not paying the monthly benefits and requiring Defendant to pay JULETTE L. BENTLEY the contractually stipulated benefits under the Lakeland Regional Health Plan in monthly distributions;

(2) awarding JULETTE L. BENTLEY a lump sum amount, representing unpaid benefits from the date of her disability through the date of the judgment;

(3) awarding JULETTE L. BENTLEY prejudgment interest through the date of the judgment on the lump sum payment;

(4) awarding JULETTE L. BENTLEY her reasonable costs that she has incurred, and attorneys' fees pursuant to 29 U.S.C §1132(g)(1);

(5) for such other relief as the Court deems just and proper

(6) That defendants ACE ESIS and DAIMLERCHRYSLER CORPORATION abused its discretion in determining that JULETTE L. BENTLEY was not entitled to benefits under the policy,

(7) That defendant ACE ESIS and DAIMLERCHRYSLER CORPORATION are operating under a Conflict of Interest which significantly impairs its ability to function as a fiduciary for beneficiaries of its Plans and that it has been shown to put its own financial interests ahead of those of policyholders and beneficiaries.

(8) ACE ESIS and DAIMLERCHRYSLER CORPORATION has failed in its fiduciary duties to administer group disability benefit plans 'solely in the interest of the participants and beneficiaries.' 29 U.S.C. §1104(a)(1).

GRANT, BUSCH & KIRSCHNER

by DAVID B. GRANT(P14269)
26555 Evergreen Suite 860
Southfield, MI 49076

(248) 353-2860

November 13, 2006

JS 44C
(Rev. 12/84)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

## I. (a) PLAINTIFFS

JULETTE BENTLEY
20540 Heyden
Detroit, MI 48219

## DEFENDANTS

ACE ESIS          Daimler Chrysler
PO Box 5183       1000 Chrysler Drive
Southfield, MI    Auburn Hills, MI 48326

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Wayne
(EXCEPT IN U.S. PLAINTIFF CASES)

26163

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Oakland
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

David B. Grant (P14269)
26555 Evergreen Suite 860
Southfield, MI 48076
248-353-2860

**ATTORNEYS (IF KNOWN)**

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Denial of Disability Benefits     29 USC 1132

Case: 2:06-cv-15090
Assigned To: Tarnow, Arthur J
Referral Judge: Scheer, Donald A
Filed: 11-14-2006 At 12:39 PM
CMP BENTLEY V. DAIMLERCHRYSLER CORP
(TAM)

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☒ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☒ 195 Contract Product Liability

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury — Med Malpractice
- ☐ 365 Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE**
- ☐ 610
- ☐ 620
- ☐ 630
- ☐ 640
- ☐ 650
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☒ 863 DIWC (405(g))
- ☐ 863 DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes
- ☐ 871 IRS Third Party 26 USC 7609
- ☐ 875 Customer Challenge 12 USC 3410

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence 28 USC 2255
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights

- ☐ 460 Deportation
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

## VIII. RELATED CASES(S) IF ANY

JUDGE                         DOCKET NUMBER

DATE: 11/14/2006

SIGNATURE OF ATTORNEY OF RECORD: David B. Grant

UNITED STATES DISTRICT COURT

U.S. GOVERNMENT PRINTING OFFICE: 1985—605-296

## PURSUANT TO LOCAL COURT RULE 8(c) (3) (i)

(a) IS THIS A CASE THAT HAS BEEN PREVIOUSLY DISCONTINUED OR DISMISSED WITHOUT PREJUDICE OR REMANDED TO A STATE COURT? ____ YES ____ NO

(b) IF YES GIVE THE FOLLOWING INFORMATION:

CASE NO: _____

COURT _____

ASSIGNED JUDGE _____

## PURSUANT TO LOCAL COURT RULE 8(c) (3) (ii)

(a) OTHER THAN STATED ABOVE, ARE THERE ANY PENDING OR PREVIOUSLY DISCONTINUED OR DISMISSED COMPANION CASES (cases in which it appears substantially similar evidence will be offered at trial or the same or related parties are present and the cases arise out of the same transaction or occurence) IN THIS OR ANY OTHER COURT, INCLUDING STATE COURT? ____ YES ____ NO

(b) IF YES GIVE THE FOLLOWING INFORMATION:

CASE NO: _____

COURT: _____

ASSIGNED JUDGE: _____